IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GRETCHEN ANN KELLER,            )
                                )
          Plaintiff,            )
                                )
     vs.                        )   Civil Action No. 09-1016
                                )
MICHAEL J. ASTRUE,              )
COMMISSIONER OF SOCIAL SECURITY,)
                                )
          Defendant.            )

O R D E R

AND NOW, this 24th day of March, 2010, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence,

1

nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff contends that the Administrative Law Judge ("ALJ") erred in finding that she was not entitled to Supplemental Security Income ("SSI") benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., because her substance use disorder was a contributing factor material to the determination of disability. Specifically, Plaintiff argues that "[t]he record clearly supports Plaintiff's testimony at the hearing before the Administrative Law Judge that she had only one relapse after her release from incarceration in April of 2006," and that, accordingly, it is uncontradicted that she has used drugs only once since her release from prison and has therefore almost completely abstained from drugs during that time period. She further argues that evidence of her impairments and limitations prior to her onset date of November 18, 2005 is not relevant, and that the ALJ improperly disregarded evidence demonstrating her impairments and limitations from after that date. The Court disagrees and finds that substantial evidence supports the ALJ's findings.

Taking Plaintiff's substance use disorder into account, the ALJ determined that Plaintiff's impairments, which also included seizure disorder, affective and anxiety disorders, and personality disorder, would meet Listings 12.04, 12.06, 12.08, and 12.09 of 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 22). However, the ALJ found that there was medical evidence that Plaintiff had a substance use disorder. Pursuant to 42 U.S.C. § 1382c(a)(3)(J) and 20 C.F.R. § 416.935, when there is evidence of substance abuse, the adjudication consideration is whether the substance abuse is a contributing factor material to the determination of disability. The "key factor" in determining whether drug abuse or addiction is material to a determination of disability is whether the plaintiff would still be found to be disabled if he or she stopped using drugs. See 20 C.F.R. § 416.935(b)(1). The focus of the inquiry is on the limitations that would remain if the substance use ceased, and whether those limitations are disabling, regardless of their cause. See id. at § 416.935(b)(2). See also Ford v. Barnhart, 78 Fed. Appx. 825, 827 (3d Cir. 2003). In other words, in order to be found to be disabled, a plaintiff must have a disabling condition independent of his or her drug abuse. Although an ALJ must identify at least some medical evidence supporting the conclusion that a plaintiff no longer would be disabled if he or she stopped drinking or using drugs, it is not necessary that such a conclusion be based on expert psychiatric opinion evidence. See McGill v. Commissioner of Soc. Sec., 288 Fed. Appx. 50, 53 (3d Cir. 2008); Sklenar v. Barnhart, 195 F. Supp. 2d 696, 700 (W.D. Pa. 2002).

The ALJ, in following this procedure, determined that if Plaintiff stopped her substance use, she would not have an impairment or combination of impairments that meets or medically equals any listing. (R. 23). He then determined that, assuming Plaintiff stopped her substance use, she would have the residual functional capacity ("RFC") to perform work at all levels of exertion but limited to unskilled jobs that do not entail more than minimal interaction with crowds and the public and that

(continued...)

¹(...continued)
do not expose her to unprotected heights or dangerous machinery. (R. 24-26). Based on this RFC, the vocational expert determined that there were a significant number of jobs in the national economy that Plaintiff could perform. (R. 27, 558-59). The ALJ, accordingly, found, the Plaintiff could perform these jobs if she stopped her substance use and found her to be not disabled. (R. 27).

Plaintiff contends that she did not have a substance use disorder after the onset date of November 18, 2005, arguing that her testimony establishes that she used drugs only once since she was released from prison in April of 2006, and that this is uncontradicted in the record. However, the record is actually very contradictory as to when Plaintiff did or did not use drugs. As the ALJ pointed out, Plaintiff has been very inconsistent in reporting her periods of abstinence and relapse. Indeed, Plaintiff admitted to Dr. Jose G. Oliva that she had used heroin as recently as late September or early October of 2006. (R. 456). This, of course, is well after her release from prison and contradicts her testimony at the hearing that she had abstained from heroin since her release. Plaintiff attempts to mischaracterize the evidence in arguing that her hearing testimony is actually consistent with Dr. Oliva's report because she admitted to one relapse, which could have been the one referred to by Dr. Oliva. However, Plaintiff testified specifically that her one relapse involved abuse of vicodin, not heroin. (R. 540-41, 544). Moreover, Dr. Oliva did not state that Plaintiff had experienced only one relapse in 2006, but merely that she had been using heroin through September/October of 2006. Plaintiff's testimony is therefore not consistent with other record evidence that she continued using heroin, and not just vicodin, well after she left prison.

As the ALJ also noted, neither Plaintiff's hearing testimony nor her statements to Dr. Oliva were consistent with her statement to Dr. Robert L. Eisler, M.D., during her January 18, 2008 consultative examination that she had not used drugs for four years. Considering what she told Dr. Oliva, and the fact that her parole was revoked because of heroin use significant enough that she was placed in heroin detoxification in February of 2006, claiming abstinence since 2004 to a consulting psychiatrist particularly hurts Plaintiff's credibility. Indeed, based on her long history of drug abuse and her inconsistency in reporting when she was and was not using drugs, the ALJ found her claims of complete abstinence to be not credible. For the reasons just discussed, more than substantial evidence supports such a finding. See McCall v. Apfel, 47 F. Supp. 2d 723, 732-33 (S.D. W. Va. 1999) (holding that plaintiff's untruthfulness as to substance abuse on other occasions is relevant to whether he or she is being truthful as to substance abuse presently).

Accordingly, the ALJ did not afford weight to the medical opinions provided subsequent to Plaintiff's release from prison with regard to Plaintiff's functioning independent of drug abuse, as the ALJ found that she was actively using drugs during this time. Moreover, Plaintiff not only did not disclose her substance abuse to her medical providers at Mercy Behavioral Health and to Dr. Eisler, as the ALJ discussed, she actually grossly misrepresented her period of sobriety. Indeed, based of his understanding that Plaintiff had not used drugs for four years, Dr. Eisler indicated that he could not opine as to whether his opinion would change if Plaintiff completely refrained from using drugs
(continued...)

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 7) is DENIED and defendant's Motion for Summary Judgment (document No. 9) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:      Counsel of record

---

¹(...continued)
because she was currently in recovery. (R. 512). Because Dr. Eisler's report, and other medical data from after her release from prison were tainted by Plaintiff's undisclosed drug use, the ALJ properly discounted this evidence in determining the limitations that would remain if Plaintiff's substance use ceased, and whether those limitations would be disabling. See Shreve v. Astrue, 2009 WL 130411, at *10 (W.D. Pa. Jan. 20, 2009) (holding that substantial evidence supported ALJ's consideration of consultative examiner's opinion as relating to plaintiff's functioning while abusing alcohol based on the ALJ's rejection of examiner's finding that plaintiff's alcohol abuse was in remission).

Instead, the ALJ looked to the evidence demonstrating Plaintiff's condition during periods of sobriety, which, by Plaintiff's own admission, were during periods of incarceration. (R. 496). Indeed, the most useful evidence in cases involving substance use disorder is that evidence relating to periods when the individual was not using drugs/alcohol. See Mirabile v. Commissioner of Soc. Sec., 2009 WL 4573887, at *3 (3d Cir. Dec. 7, 2009). As the ALJ discussed, reports from 2002, 2003, 2004, and 2005 while Plaintiff was in prison indicate far less severe limitations than those found while Plaintiff was actively using drugs, including a finding that she is capable of working and a finding of a Global Assessment of Functioning score of 75-80. (R. 355-56, 375). While this evidence does slightly predate the onset date, it constitutes the most recent evidence relating to a period during which Plaintiff was not using drugs and is, therefore, relevant to the "key factor" in determining whether drug addiction is material to a determination of disability pursuant to Section 416.935(b)(1) – whether Plaintiff would still be disabled if she stopped using drugs.

Accordingly, substantial evidence supports the ALJ's decision that Plaintiff is not disabled because her substance use disorder was a contributing factor material to the determination of disability.

4